IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GARY J. VELASQUEZ,

      Plaintiff,

                                                Civil No. 16-1370-MV/GBW

v.

KIRSTJEN M. NIELSEN, SECRETARY,
DEPARTMENT OF HOMELAND SECURITY,[1]

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). [Doc. 8]. The Court, having considered the Motion, briefs, relevant law and being otherwise fully informed, finds that the Motion is well-taken and will be granted.

### I. Background

Plaintiff Gary J. Velasquez is a former Course Developer/Instructor at the Supervisory Border Patrol Agency for the Department of Homeland Security ("DHS"). After an embolic stroke, he was ordered to submit to a fitness for duty examination, found to be unfit for duty based on cognitive impairment, and asked to accept a separation. Ultimately, he elected to take disability retirement. Plaintiff filed an EEO Discrimination Complaint against DHS on June 7, 2011, and, after receiving a Final Agency Decision, filed a Complaint against DHS in this Court on March 14, 2012, in Case No. 12-CV-641-MCA (hereafter, the "2012 Case"). By agreement of the parties, the case was dismissed with prejudice on September 18, 2013. [2012 Case, Doc. 30].

---

[1] Kirstjen M. Nielsen was sworn in as Secretary on December 6, 2017.

On December 16, 2016, Plaintiff filed the instant suit against DHS ("2016 Complaint") in this Court, based on the same facts that gave rise to the first case. DHS filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), asserting (1) Plaintiff has alleged no facts supporting his claim of age discrimination in Count 1; (2) Plaintiff's lawsuit was not commenced within the time prescribed by the applicable statute and EEOC regulations; and (3) Plaintiff's claims are barred by the doctrine of res judicata. [Doc. 8].

## II. Allegations of the 2016 Complaint

The 2016 Complaint alleges that Plaintiff is a disabled male, a citizen of the United States and a resident of Roswell, New Mexico. [Doc. 1, ¶ 6]. He was formerly a Supervisory Border Patrol Agency (BPA), GS-1896-13, and worked as a Course Developer/Instructor (CD/I) at the Office of Training and Development at the Customs and Border Patrol's ("CBP") academy in Artesia, New Mexico. *Id.*, ¶ 12. Plaintiff suffered an embolic stroke and could not return to duty under doctor's orders until January 2009. *Id.*, ¶ 13. He was released to work on a light duty status in or around January 2009, and was assigned as a CD/I to the academy in Artesia. *Id.*, ¶ 14. In or about November 2009, CBP transferred him to El Centro Sector in Indio, California, on light duty status. *Id.* On January 26, 2010, Plaintiff was ordered to undergo a Fitness for Duty Examination ("FFDE"). *Id.*, ¶ 15. He completed the FFDE on February 17, 2010; however, Defendant's physicians were uncertain whether he had cognitive impairments which would impede his abilities to perform his duties. *Id.*, ¶ 16.

On April 18, 2010, Defendant reassigned Plaintiff to his previous position at the U.S. Border Patrol Academy in Artesia. *Id.*, ¶ 17. He underwent a second FFDE on May 7, 2010, where it was determined that he was not fit for duty as a Supervisory BPA. *Id.*, ¶ 18. On July 1, 2010, Defendant revoked Plaintiff's authority to carry a firearm. *Id.*, ¶ 19. On January 4, 2011,

Defendant issued Plaintiff an Options Letter stating that it could attempt to locate a position Defendant was qualified for with his restrictions within the CPB, or that he could apply for retirement disability. *Id.*, ¶ 20.

Plaintiff was issued a Letter of Reprimand on February 22, 2011, for Failure to Follow the Standard Physical Conditioning Program Procedures. *Id.*, ¶ 21. He initiated his rights under the EEO process to file a complaint for physical disability (cognitive impairment due to embolic stroke) and for reprisal. *Id.*, ¶ 22.

On June 21, 2011, Defendant proposed Plaintiff's removal from CPB because of physical disability. *Id.*, ¶ 23. For fear of being terminated, he took disability. *Id.*, ¶ 24.

Plaintiff's last day of work as a Border Patrol Agent was November 4, 2011. *Id.*, ¶ 25. *Id.* He is currently employed as a Physical Techniques Instructor at the Federal Law Enforcement Training Center, DHS, Law Enforcement. *Id.*, ¶ 26.

In Count One, Plaintiff alleges Defendant discriminated against him because of his age and physical disability. *Id.*, ¶¶ 28-29. He contends that he was held to stricter standards of performance and denied benefits of employment accorded other employees. *Id.*, ¶ 30. Additionally, he asserts that he was treated dissimilarly from other employees. *Id.*, ¶ 31.

In Count Two, Plaintiff alleges Defendant engaged in reprisal and retaliation against him in violation of Title VII of the Civil Rights Act and the Rehabilitation Act as a direct result of his participation or assistance in prior EEOC process. *Id.*, ¶ 34.

Plaintiff seeks declaratory judgment that Defendant's acts violated Title VII of the Civil Rights Act and the Rehabilitation Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); and the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701, *et seq.*, and the Rehabilitation Act Amendments of 1992, Pub. L. No. 102-59 (Oct. 29,

1992) ("Rehabilitation Act").  He also seeks compensatory damages, attorney's fees, court costs; and prejudgment and post judgment interest.  *Id.*, ¶ 35.

### III. Procedural Background

Plaintiff filed an EEO Discrimination Complaint against DHS on June 7, 2011, alleging DHS had discriminated against him based on his race, national origin, disability and retaliation. HS-CBP-983-2011.  The EEOC issued a Final Agency Decision finding no discrimination on March 14, 2012.  [Case No. 12-CV-641-MCA, Doc. 1, Complaint (hereafter "2012 Complaint"), ¶¶ 23-25].

On June 13, 2012, Plaintiff filed suit in the United States District Court for the District of New Mexico, asserting claims for employment discrimination based on race and national origin in violation of Title VII, 42 U.S.C. § 2000e-16; employment discrimination based on his disability in violation of 29 U.S.C. §§ 791 *et seq.*; and retaliation in violation of 42 U.S.C. § 2000e-16 and 29 U.S.C. §§ 791 *et seq. Id.*, ¶¶ 26-34.  *Id.*

The factual allegations of the 2012 Complaint describe the same set of facts as the Complaint in this case.  [Case No. 12-CV-64, Doc. 1].  [*Id.* Doc. 29]. On September 18, 2013, the Court entered an Order dismissing the case with prejudice.  [*Id.*, Doc. 30].

On January 9, 2012, around six months after filing his first EEO complaint, Plaintiff contacted an EEOC counselor to pursue claims that he had been the victim of discrimination. HS-CBP-21657-2012.  On March 16, 2012, the EEO counselor issued Plaintiff a *Notice of Right to File a Discrimination Complaint*, which explained the rights and responsibilities of parties during the informal stage and throughout the Equal Employment Opportunity process.  On March 22, 2012, Plaintiff filed an administrative complaint against DHS alleging employment discrimination.

On November 8, 2012, DHS's Office of Civil Rights and Civil Liberties ("CRCL") issued a Final Agency Decision ("FAD") finding in favor of the agency and against Plaintiff. The CRCL ruled that Plaintiff failed to prove allegations that DHS had discrimination against him in any manner.

Instead of appealing the FAD to a United States District Court within 90 days pursuant to 29 C.F.R. § 1614.402, Plaintiff appealed to the Merit Systems Protection Board ("MSPB") on December 10, 2012, in MSPB No. DE-0752-13-0103-I-1. In a decision issued March 15, 2013, the MSPB dismissed the appeal based on lack of jurisdiction. [Doc. 16-1].

More than three years later, on December 16, 2016, Plaintiff filed the instant case. [Doc. 1]. The lawsuit is based on the same events that gave rise to his 2012 federal lawsuit. The government and Plaintiff erroneously label this a Title VII case. Count 1 is attempting to state both an age discrimination claim, which should have been pled under the Age Discrimination in Employment Act ("ADEA"), and a disability discrimination claim under the Rehabilitation Act. Although these are new claims, both are based on the exact same facts as the 2012 case.

## IV. Analysis

DHS contends Plaintiff's age discrimination claim is subject to dismissal because the Complaint fails to state any factual basis for the claim, and that both the discrimination and the retaliation claims are time-barred because this action was not commenced within the time prescribed by the applicable statute and EEOC regulations. Furthermore, it argues that Plaintiff's claims are barred under the principles of collateral estoppel and res judicata, because he filed the same action in 2012 and voluntarily dismissed it with prejudice in 2013.

Plaintiff argues the Complaint was timely because this was a "mixed case," and he timely appealed the EEOC decision to the MSPD, which dismissed the appeal on March 15, 2013.

5

[Doc. 12 at 7]. He contends that after the dismissal, "the EEO portion goes back [to] the Office for Civil Rights and Civil Liberties of the U.S. Department of Homeland Security for a Final Agency Order, that that office has not issued its Final Agency Order; therefore, he was not under the 90 days for him to file the present lawsuit." *Id.* Furthermore, he asserts that the case is not barred by the doctrines of collateral estoppel or res judicata.

**A. Applicable Standard**

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The United States Supreme Court clarified this standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), ruling that to withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal quotations omitted). On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* Under the *Twombly* standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008), quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). "The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she

is entitled to relief." *Robbins*, 519 F.3d at 1247, citing *Twombly*, 127 S.Ct. at 1965 (internal quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*.

## B. Discussion

### 1. The Disability and Age Discrimination Claims Are Insufficiently Pled.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (2012) (citation omitted). The Complaint contains no factual allegations supporting a claim of disability or age discrimination. Therefore, these claims are subject to dismissal under Rule 12(b)(6). Moreover, Plaintiff erroneously based these claims on Title VII, 42 U.S.C. § 2000e-16(c). The age discrimination claim should have been brought under the ADEA, 29 U.S.C. § 624 *et seq.*, and the disability discrimination claim should have been brought separately under the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*

### 2. The Retaliation and Discrimination Claims are Subject to the Statute of Limitations and Claim Preclusion

#### a. Statute of Limitations

A federal employee who contends that he was the victim of age or disability discrimination may bring a claim in district court pursuant to 29 C.F.R. § 1614.407, which provides, in pertinent part:

> Within 90 days of receipt of notice of final action taken by a department, agency, or unit . . . upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on based on race, color, religion, sex or national origin, brought pursuant to subsection (a) of this section . . . an employee . . . if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 706 [42 U.S.C. § 2000e-5], in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant.

7

*Id.*

When an appeal to the MSPB involves claims of unlawful discrimination related to or stemming from the employment action, it is considered a "mixed" appeal. 29 C.F.R. 1614.302(a)(1). *See Coffman v. Glickman*, 328 F.3d 619, 621 (10th Cir. 2003). A federal employee may obtain *de novo* review of the MSPB decision in a "mixed" appeal by filing an action in federal district court. 29 C.F.R. § 1614.310(b). The rationale behind this statutory scheme is to promote uniformity in treatment of unlawful discrimination claims brought by federal employees relative to those brought by their private sector counterparts. Coffman, 328 F.3d at 623 (citing *Christo v. Merit Systems Protection Board*, 667 F.2d 882, 884-85 (10th Cir. 1981). Review of MSPB determinations in "mixed" cases lies solely in a federal district court. 5 U.S.C. § 7703(b)(2). When the MSPB issues a decision on a mixed case, the employee may then file a civil action in federal district court *within 90 days* of the receipt of the final agency action to seek *de novo* review of the MSPB's decision in federal district court. 29 C.F.R. §§ 1614.310(b), 1614.407(a) (emphasis added).

The Tenth Circuit has held that "[t]he requirement that a plaintiff file a timely civil action after the disposition of an individual EEO complaint is not a jurisdictional requirement, but rather is subject to waiver, estoppel, and equitable tolling." *Harms v. IRS*, 321 F.3d 1001, 1006 (10th Cir. 2003) (citations omitted). "Equitable exceptions, however, have been narrowly construed." *Id.* (citations omitted). "Equitable tolling is permitted when a plaintiff is actively misled or prevented from asserting his rights." *Id.* at 1007.

Plaintiff has alleged no such conduct on the part of Defendant or any other government agency. Nonetheless, he argues that he timely appealed the EEOC decision in this matter to the MSPB on December 10, 2012, and the MSPB dismissed the appeal on March 15, 2013. He

contends that this was a "mixed case,"[2] and, as a result, "the EEO portion goes back to the office for Civil Rights and Civil Liberties of the U.S. Department of Homeland Security for a Final Agency Order," and the Office of Civil Rights and Civil Liberties has not issued a Final Agency Order; therefore, he was not under the 90-day limit to file his lawsuit. [Doc. 12 at 7]. Plaintiff cites no authority for this position, and it is contravened by 29 C.F.R. § 1614.407.

In the second case Plaintiff, pursuant to 29 C.F.R. § 1614.302(b), appealed the DHS decision to the Merit Systems Protection Board ("MSPB") on December 10, 2012, in MSPB No. DE-0752-13-0103-I-1. On March 15, 2013, the MSPB issued its Initial Decision dismissing Plaintiff's appeal based on lack of jurisdiction over the appeal. [Doc. 16-1]. It stated that the Initial Decision would become final on April 19, 2013, unless a petition for review was filed by that date. Plaintiff never filed a petition for review.

This case was filed on December 16, 2016—more than three years after the MSPB decision became final. [Doc. 1]. Accordingly, the Court finds that Plaintiff's lawsuit was not commenced within the time prescribed by the applicable statute and EEOC regulations.

### b. Res Judicata

Defendant also contends Plaintiff's claims are precluded by the doctrines of claim preclusion and/or issue preclusion. The Supreme Court has stated:

> The federal courts have traditionally adhered to the related doctrines of res judicata and collateral estoppel. Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that *were or*

---

[2] A "mixed case" complaint is a complaint of employment discrimination filed with a federal agency based on race, color, religion, sex, national origin, age, disability, or genetic information related to or stemming from an action that can be appealed to the Merit Systems Protection Board ("MSPB"). The complaint may contain only an allegation of employment discrimination or it may contain additional allegations that the MSPD has jurisdiction to address. A "mixed case appeal" is an appeal filed with the MSPB that alleges that an appealable agency action was effected, in whole or in part, because of discrimination on the basis of race, color, religion, sex, national origin, disability, age, or genetic information. 29 C.F.R. § 1614.302(a)(1) and (2).

> *could have been raised in that action.* Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case. As this Court and other courts have often recognized, res judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication.

*Allen v. McCurry*, 449 U.S. 90, 94 (1980) (emphasis added) (citations and quotations omitted).

The Tenth Circuit has explained:

> Claim preclusion bars a party from relitigating a claim or cause of action on which final judgment has been rendered. Under [claim preclusion], a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.

*Park Lake Resourcs Ltd. Liability v. U.S. Dept. of Agr.*, 378 F.3d 1132, 1136 (10th Cir. 2004) (citations omitted).

Both Plaintiff and the Secretary of Homeland Security were parties to the 2012 action. Plaintiff's claims of age and disability discrimination and retaliation in this action are based on the same facts giving rise to the 2012 case, and those claims could have been litigated in the earlier case, which was dismissed with prejudice on the joint motion of the parties. Plaintiff has identified no significant change in the alleged facts and/or controlling law since the dismissal of the 2012 case warranting an exception to the normal rules of claim preclusion. *See Spradling v. City of Tulsa*, 198 F.3d 1219, 1222-23 (10th Cir. 2000).

Accordingly, the Court finds that the claims in this action are barred by the doctrine of res judicata.

## V. Conclusion

For the reasons set forth above, Defendant's Motion to Dismiss is granted. Plaintiff's Complaint is dismissed **with prejudice**.

ENTERED this 30th day of July, 2018.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Jonathan H. Huerta, | Roberto D. Ortega |
| *Attorney for Plaintiff,* Gary J. Velasquez | ASSISTANT UNITED STATES ATTORNEY |
| | *Attorney for the United States* |